## UNITED STATES POTASH CO. v. McNUTT.

### No. 893.

Circuit Court of Appeals, Tenth Circuit.

May 22, 1934.

For former opinion, see 70 F.(2d) 126.

Gurney E. Newlin, of Los Angeles, Cal. (Paul Speer, of New York City, and J. D. Atwood and L. O. Fullen, both of Roswell, N. M., on the brief), for appellant.

Carl A. Hatch, of Clovis, N. M., and James E. Taylor, of Kansas City, Mo. (James A. Reed, of Kansas City, Mo., on the brief), for appellee.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PER CURIAM.

For reasons stated in our opinion in this case, the last paragraph of that opinion [70 F.(2d) 126] is this:

"It will therefore be ordered that the judgment be reversed, and a new trial directed, unless within 60 days from the filing of this opinion, appellee files in the office of the clerk of the trial court, a remittitur of the excess of the judgment over $60,653.98, and within ten days thereafter files with the clerk of this court a certified copy of the record showing such remittitur. If such remittitur is filed, the judgment, less the amount remit-

ted, will be affirmed; otherwise reversed with directions to grant a new trial."

Our order made pursuant to the opinion directed that, if appellee filed a remittitur reducing the amount of recovery below to the sum of $60,653.98, judgment for the reduced amount would be affirmed, "with costs in this court to be taxed against appellant." We further adjudged that, if such remittitur be not filed by appellee, the judgment of the District Court would be reversed and the cause remanded for a new trial, "with costs in this court to be taxed against appellee."

■ Appellee now files with our clerk a motion in which he states that he desires to make the remittitur so that the judgment may be affirmed; but he expresses doubt as to whether under our opinion he will be entitled to interest on the reduced amount of said judgment and, if entitled to interest on the reduced amount, from what date and to what date. He asserts that he believes that he is entitled to interest from the time that he completed rendition of services to appellant until the judgment is finally paid, and to his costs.

The subject of interest did not pass without our consideration in disposing of the case, particularly from the time the services were fully rendered until the judgment below. The statutes of New Mexico provide for interest at a named rate on judgments, and that will control from the time the judgment was rendered until its discharge, so that period of time will be eliminated from further consideration and our inquiry confined to the period beginning with October 30, 1930, when the rendition of the services ended, and extending thence to January 3, 1933, on which day judgment was entered. In disposing of that inquiry it is to be noted appellee sued in quantum meruit on the common count. He did not ask to recover interest in his complaint. Throughout the trial proceedings nothing was said on that subject. There was no request that the court direct the jury to allow appellee interest on any amount that it might decide he should be entitled to recover. The court at the close of his instructions to the jury read to it two forms of verdict to be used, one simply in favor of the defendant, the other in favor of the plaintiff,

appellee here, leaving a blank space in which they might insert the amount of the reasonable value that they should find plaintiff's services to be worth. No mention of interest was therein contained and no statement that plaintiff would be entitled to interest on the amount found in his favor. It is therefore obvious that the subject of interest was not passed upon or brought under consideration by the trial court.

We regard our power over the subject of remittitur as a restricted one. We can grant that right to the successful litigant in the court below when it clearly appears that the judgment is excessive in a definite degree or amount. Certainly we cannot add thereto an element not brought under consideration and determined by the trial court. That, in our opinion, would deny a right guaranteed by the Seventh Amendment to the United States Constitution. Thus, regardless of what our opinion might be on the merits in that respect, we decline for the reasons stated to grant the additional relief which appellee says he now thinks he was originally entitled to. There are many decisions by the federal courts on the subject of remittitur, but none of them presents such facts as we have here. In Kennon v. Gilmer, 131 U. S. 22, 29, 9 S. Ct. 696, 699, 33 L. Ed. 110, the court said:

"And if the pleadings and the verdict afforded the means of distinguishing part of the plaintiff's claim from the rest, this court might affirm the judgment upon the plaintiff's now remitting that part."

Arkansas Valley Land & Cattle Co. v. Mann, 130 U. S. 69, 9 S. Ct. 458, 32 L. Ed. 854, is instructive.

■ On the subject of costs little need be said. We are concerned only with the costs in this court. The second paragraph of our Rule 27 is this:

"In all cases of affirmance of any judgment or decree in this court, costs shall be allowed to the appellee, unless otherwise ordered by the court."

The only costs that will be taxed in favor of appellee here on affirmance are $20 to be taxed as an attorneys' fee, which he is entitled to recover. Kansas City, etc., Co. v. McDonald (C. C. A.) 60 F. 522.